# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.**_____ |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **DEFENDANT.** | § | |

---

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

---

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 14th Judicial District, Dallas, County Texas for Cause No. DC-22-04453 | 07/29/2022 |
| 2. | Plaintiff's Original Petition | 04/27/2022 |
| 3. | Citation Issued to Defendant Wal-Mart Stores Texas, LLC | 04/27/2022 |
| 4. | Letter from the Court regarding Dismissal Hearing | 05/23/2022 |
| 5. | Notice of Order of Dismissal for Want of Prosecution | 06/27/2022 |
| 6. | Order of Dismissal for Want of Prosecution | 06/27/2022 |
| 7. | Return of Service | 07/01/2022 |
| 8. | Plaintiff's Motion to Reinstate | 07/14/2022 |
| 9. | Proposed Order on Motion to Reinstate (Unsigned) | 07/14/2022 |
| 10. | Wal-Mart's Original Answer | 07/22/2022 |
| 11. | Demand for Jury | 07/22/2022 |
| 12. | Wal-Mart's Special Exception | 07/22/2022 |

# TAB NO. 1

## Case Information

DC-22-04453 | MAXINE MOSLEY vs. WAL-MART STORES TEXAS LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-04453 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 04/27/2022 | PROPERTY | CLOSED |

## Party

PLAINTIFF
MOSLEY, MAXINE

Active Attorneys ▾
Lead Attorney
LEE, JERRY D, III
Retained

DEFENDANT
WAL-MART STORES TEXAS LLC

Address
CT CORPORATION SYSTEM, 1999 BRYAN STREET
SUITE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Disposition Events

06/27/2022 Judgment ▾

DISMISSED FOR WANT OF PROSECUTION

Judicial Officer
MOYE', ERIC

Judgment Type
DISMISSED FOR WANT OF PROSECUTION

Judgment

Total Judgment: of $0.00

Awarded To: MOSLEY, MAXINE

Awarded Against: MOSLEY, MAXINE

## Events and Hearings

04/27/2022 NEW CASE FILED (OCA) - CIVIL

04/27/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

04/27/2022 ISSUE CITATION ▾

ISSUE CITATION - WAL-MART STORES TEXAS LLC

05/04/2022 CITATION ▾

Served
06/29/2022

Anticipated Server
ESERVE

Anticipated Method

Actual Server
PRIVATE PROCESS SERVER

Returned
07/01/2022

Comment
WAL-MART STORES TEXAS LLC

---

05/23/2022 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

Comment
MAILED

---

06/27/2022 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
MOYE', ERIC

Hearing Time
2:00 PM

---

06/27/2022 NOTICE OF JUDGMENT MAILED ▾

FP NOTICE OF ORDER OF DISMISSAL FOR WANT OF PROSECUTION

---

07/01/2022 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

---

07/14/2022 MOTION - REINSTATE ▾

MOTION TO REINSTATE

---

07/14/2022 NON-SIGNED PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER TO REINSTATE

Comment
PROPOSED ORDER TO REINSTATE

---

07/22/2022 JURY DEMAND ▾

FP FILE DESK JURY DEMAND FORM

---

07/22/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - WAL-MART STORES TEXAS, LLC

07/22/2022 SPECIAL EXCEPTIONS ▾

SPECIAL EXCEPTIONS

# Financial

MOSLEY, MAXINE

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $373.00 |
| | Total Payments and Credits | | | $373.00 |
| 5/1/2022 | Transaction Assessment | | | $358.00 |
| 5/1/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 25891-2022-DCLK | MOSLEY, MAXINE | ($221.00) |
| 5/1/2022 | STATE CREDIT | | | ($137.00) |
| 7/15/2022 | Transaction Assessment | | | $15.00 |
| 7/15/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 42899-2022-DCLK | MOSLEY, MAXINE | ($15.00) |

WAL-MART STORES TEXAS LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $10.00 |
| | Total Payments and Credits | | | $10.00 |
| 7/22/2022 | Transaction Assessment | | | $10.00 |
| 7/22/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 44633-2022-DCLK | WAL-MART STORES TEXAS LLC | ($10.00) |

# Documents

ORIGINAL PETITION

ISSUE CITATION - WAL-MART STORES TEXAS LLC

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

FP NOTICE OF ORDER OF DISMISSAL FOR WANT OF PROSECUTION

DISMISSED FOR WANT OF PROSECUTION

AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

MOTION TO REINSTATE

PROPOSED ORDER TO REINSTATE

FP FILE DESK JURY DEMAND FORM

ORIGINAL ANSWER - WAL-MART STORES TEXAS, LLC

SPECIAL EXCEPTIONS

# TAB NO. 2

FILED
4/27/2022 12:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

DC-22-04453

CAUSE NO. _____

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | 14th |
| | § | _____ **JUDICIAL DISTRICT** |
| **VS.** | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF MAXINE MOSLEY'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Maxine Mosley ("Plaintiff") complaining of Wal-Mart Stores Texas, LLC ("Defendant") for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.      The Plaintiff, Maxine Mosley, intends that discovery be conducted under Level 3 of Rule 190 Texas Rules of Civil Procedure.

## II.
## PARTIES

2.      The Plaintiff, Maxine Mosley, is an individual residing in Dallas County, Texas.

3.      The Defendant, Wal-Mart Stores Texas, LLC, is a corporation organized under the laws of Delaware always doing business in the State of Texas relevant and material to this lawsuit. Service of process upon this Defendant may be accomplished at: **CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201** (Citation Requested).

### III.
### JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the amount in controversy is within the

Court's jurisdictional limits.  Additionally, this Court has jurisdiction over the parties because

the Plaintiff, Maxine Mosley, is a resident of the State of Texas currently and was also a resident

of the State of Texas at the time of the incident giving rise to the filing of this lawsuit.  Finally,

the Court has jurisdiction over the Defendant, Wal-Mart Stores Texas, LLC, in this matter

because it conducts business in Texas.

5.      Venue is proper in Dallas County, Texas under § 15.002(a)(1) of the Civil Practice &

Remedies Code because all or a substantial part of the events or omissions giving rise to the

claims occurred in Dallas County, Texas.

### IV.
### FACTS

6.      This cause of action arises out of bodily injuries caused by the Defendant's negligence

occurring in Balch Springs, Texas, which is located in Dallas County on or about April 3, 2021.

On this date in question, the Plaintiff, Maxine Mosley, received bodily injuries due to falling in

the parking lot at Walmart Store #1118 located at 12300 Lake June Road, Balch Springs, TX

75180 because of a large hole in the Defendant's parking lot.  This resulted in the Plaintiff,

Maxine Mosley, suffering extensive bodily injuries including but not limited to: 1) a broken

collar bone, 2) a broken shoulder, 3) facial and body lacerations, 4) various bruises, and 5) a

"black eye".

        The Plaintiff, Maxine Mosley, prior to this incident giving rise to this lawsuit had

informed management and employees at Walmart Store #118 that the parking lot conditions

were not safe for customers due to the various potholes and deterioration of the parking lot that

made it unsafe numerous times.

Although, these concerns were expressed nothing was done to address the safety concerns that the Plaintiff, Maxine Mosley, mentioned. Walmart Store #118 did not provide any warnings concerning the condition of the parking lot and did not have any employee or contractor assisting the public in entering or exiting the store.

Recently, the Plaintiff, Maxine Mosley, approximately two to three months ago went to Walmart Store #1118 and she noted that the parking lot's condition was vastly improved from the condition it was in on or about April 3, 2021.

7.    At all times material herein, Defendant occupied, controlled and/or managed the premises or cleaned the area in question. Defendant also owed a duty to the Plaintiff, Maxine Mosley, who was an invitee of Defendant, to use ordinary care in inspecting the premises and making repairs in such a manner that the risk of harm posed on the premises would be reduced or eliminated. Thus, Defendant is liable for (1) its failure to use ordinary care in keeping the premises in a reasonably safe condition; and (2) the significant physical harm caused by Defendant' negligent maintenance of the property.

8.    The injuries to the Plaintiff, Maxine Mosley's face, collar bone, and shoulder on or about April 3, 2021, was proximately caused by the negligence and gross negligence of Defendant, and by and through its officers, employees, representatives, and agents, for creating a condition, wherein the door posed an unreasonable risk of harm, which Defendant knew or should have known of the danger. Defendant breached its duty of ordinary care by both failing to adequately warn the Plaintiff, Maxine Mosley, of the condition and failing to make the condition reasonably safe. As a result of the dangerous condition of the parking lot at Walmart Store #118, located at 12300 Lake June Road, Balch Springs, TX 75180, the Plaintiff, Maxine Mosley, received bodily

injuries only because of Defendant' negligence.

## V.
## CONDITIONS OF PRECEDENT

9.     All conditions precedent to recovery have been performed or have occurred.

## VI.
## PLAINTIFF MAXINE MOSLEY'S CAUSES OF ACTION AGAINST DEFENDANT WAL-MART STORES TEXAS, LLC

10.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff, Maxine Mosley, suffered and which the Plaintiff, Maxine Mosley, will continue to suffer in the future, if not for the remainder of her natural life.

11.     The parking lot area of 12300 Lake June Road, Balch Springs, TX 75180, was a dangerous condition, which Defendant **WAL-MART STORES TEXAS, LLC** knew or should have reasonably known posed a danger to its invitees like the Plaintiff, Maxine Mosley. Defendant Wal-Mart Stores Texas, LLC is jointly and severally responsible for each and every of the following acts of negligence:

(a)     failing to warn invitees of the dangerous condition of an improperly shelfed box of pecans  that caused the Plaintiff, Maxine Mosley's injuries;

(b)     failing to maintain its parking lot in a non-dangerous condition;

(c)     failing to properly and routinely inspect the parking lot area where the Plaintiff, Maxine Mosley received bodily injuries;

(d)     failing to properly train its employees and/or agents;

(e)     failing to make the parking lot area safe for customers;

(f)     failing to properly warn the Plaintiff, Maxine Mosley, of the unreasonably dangerous

condition;

(g)    in failing to remove or otherwise eliminate a known dangerous condition; and

(h)    in failing to remove or eliminate a dangerous condition that Defendant should have known of through reasonable inspection.

12.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence which the Defendant **WAL-MART STORES TEXAS, LLC**, in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth herein, all of which the Plaintiff, Maxine Mosley, suffered.

## VII.
## RESPONDEAT SUPERIOR

13.    At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of Respondeat Superior.

## VIII.
## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

14.    The conduct of Defendant, individually and by and through its officers, employees, representatives, and agents, constituted gross negligence; meaning that which when viewed objectively from the standpoint of Defendant at the time of the alleged acts and/or omissions herein involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others like the Plaintiff, Maxine Mosley; and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious

indifference to the rights, safety, or welfare of others, including the Plaintiff, Maxine Mosley, and that the acts or omissions would, in all reasonably probability result in great bodily harm to invitees and customers such as the Plaintiff, Maxine Mosley.

15.     The Plaintiff, Maxine Mosley, brings suit pursuant to Section 41.003(a)(3), Texas Civil Practice and Remedies Code, to recover punitive and exemplary damages against Defendant based on gross negligence as described herein and above and/or as defined by Texas law.

**IX.**
**LIST OF DAMAGES FOR PLAINTIFF MAXINE MOSLEY**

16.     The direct and proximate result of the collision, was due to the actions of the Defendant, Wal-Mart Stores Texas, LLC, on the evening of April 3, 2021, that constituted negligence, gross negligence, and negligence per se, which resulted in the Plaintiff, Maxine Mosley, suffering severe bodily injuries to her spine, neck, lumbar spine, back, legs, arms, hands, shoulders, upper extremities, lower extremities and other parts of her body generally.  The injuries have had a serious effect on the Plaintiff, Maxine Mosley's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff, Maxine Mosley for a long time into the future, if not for her entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff, Maxine Mosley's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff, Maxine Mosley, to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.  As a further result of the nature and consequences of these injuries, the Plaintiff, Maxine Mosley, suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

17.     As a further result of all the above, the Plaintiff, Maxine Mosley, has incurred expenses for medical care and attention.  These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

18.     As a further result of the injuries sustained by the Plaintiff, Maxine Mosley, there is a reasonable probability that she will require further medical care and attention and will incur future reasonable and necessary expenses for her medical care and attention.

19.     Additionally, as a direct result of her injuries, the Plaintiff, Maxine Mosley, has sustained lost wages in the past as well as a reduced earning capacity in the future as a direct result of the injuries she sustained which were all directly caused by the negligence and gross negligence of the Defendant, Wal-Mart Stores Texas, LLC.

20.     By reason of all the above, the Plaintiff, Maxine Mosley, has suffered other losses and damages within the items listed below in the Plaintiff, Maxine Mosley's prayer. Such amount of damages identified in the Plaintiff, Maxine Mosley's Rule 47 Damages Notice are all within the jurisdictional limits of this Court for which he now sues.

21.     Because of the nature and severity of the injuries sustained, the Plaintiff, Maxine Mosley, is entitled to monetary compensation for the damages in an amount within the jurisdictional limits of this Court, as set out further below, and which the jury deems just and fair, to include, the following elements of damages which have occurred in the past and, in all reasonable probability, will be sustained in the future:

PLAINTIFF MAXINE MOSLEY'S DAMAGES:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Past medical expenses;

4.    Future medical expenses;
5.    Physical impairment in the past;
6.    Physical impairment in the future;
7.    Physical disfigurement in the past;
8.    Physical disfigurement in the future;
9.    Pre-judgment interest;
10.   Post-judgment interest;
11.   Loss of past wages;
12.   Loss of future wages;
13.   Loss of wage earning capacity;
14.   Reduced future earning capacity;
15.   Loss of household services in the past;
16.   Loss of household services in the future;
17.   Medical monitoring in the past;
18.   Medical monitoring in the future; and
19.   Loss of the enjoyment of life.

## X.
## REQUEST FOR DISCLOSURE

22.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendant, Wal-Mart

Stores Texas, LLC, is requested to disclose, within thirty (30) days of service hereof, the

information and material described in each section of Rule 194.2 of the Texas Rules of Civil

Procedure.

## XI.
## PLAINTIFF MAXINE MOSLEY'S NOTICE OF SELF AUTHENTICATION UNDER RULE 193.7

23.    The Plaintiff, Maxine Mosley, further gives notice under Rule 193.7 of the Texas Rules

of Civil Procedure that production of all documents by the Defendant, Wal-Mart Stores Texas,

LLC, in response to written discovery or any other form of production and that such production

authenticates the documents for their use in trial or any pre-trial proceeding in this matter. The

Plaintiff, Maxine Mosley, fully intends to use any and all documents produced by the Defendant,

Wal-Mart Stores Texas, LLC, as evidence at the time of trial, or in any pre-trial proceeding, and

gives the Defendant, Wal-Mart Stores Texas, LLC, notice of her intent.

## XII.
## RULE 47 DAMAGES NOTICE FOR DEFENDANT WAL-MART STORES TEXAS, LLC

24.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, the Plaintiff,

Maxine Mosley, seeks monetary relief within the jurisdictional limits of the Court.  The Plaintiff,

Maxine Mosley, seeks monetary relief in the amount of at least TWO HUNDRED AND FIFTY

THOUSAND and not more than one million dollars and a demand for judgment for all the other

relief to which he deems himself justly entitled at the time of filing this suit, which, with the

passage of time may change and is within the Court's jurisdictional limits.

## XIII.
## INTEREST

25.     The Plaintiff, Maxine Mosley, further requests both pre-judgment and post-judgment interest

on all her damages as allowed by law.

## XIV.
## JURY DEMAND

26.     The Plaintiff, Maxine Mosley, demands a trial by jury.  The Plaintiff, Maxine Mosley,

acknowledges payment this date of the required jury fee.

## XV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Maxine Mosley, requests that

the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff, Maxine

Mosley,  has judgment against Defendant in an amount within the jurisdictional limits of the Court,

together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for

such other and further relief to which  the Plaintiff, Maxine Mosley, may be justly entitled by law

and equity, including, but not limited to:

1.      Pain and suffering in the past;
2.      Pain and suffering in the future;
3.      Mental anguish in the past;
4.      Mental anguish in the future;
5.      Past medical expenses;
6.      Future medical expenses;
7.      Physical impairment in the past;
8.      Physical impairment in the future;
9.      Physical disfigurement in the past;
10.     Physical disfigurement in the future;
11.     Lost wages in the past;
12.     Loss of future wage earning capacity;
13.     Loss of use;
14.     Pre-judgment interest; and
15.     Post-judgment interest.


Respectfully submitted,

/s/ JERRY D. LEE III
Jerry D. Lee III
Texas State Bar No. 24069136
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
512-387-5436 (Office)
512-727-0999 (Fax)
service@glenlarsonlaw.com - (Service email)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 63954822
Status as of 5/1/2022 12:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 4/27/2022 12:04:22 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 4/27/2022 12:04:22 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 4/27/2022 12:04:22 PM | SENT |

# TAB NO. 3

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To:  **WAL-MART STORES TEXAS LLC**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **MAXINE MOSLEY**

Filed in said Court  **27th day of April, 2022** against

**WAL-MART STORES TEXAS LLC**

For Suit, said suit being numbered **DC-22-04453,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUESTS FOR DISCLOSURE**, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 4th day of May, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By _Kari Malone_ , Deputy
**KARI MALONE**



---

ESERVE

# CITATION

No.: **DC-22-04453**

**MAXINE  MOSLEY**
**vs.**
**WAL-MART STORES TEXAS LLC**

**ISSUED**
**on this the 4th day of May, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **KARI MALONE**, Deputy

**Attorney for Plaintiff**
**JERRY D LEE, III**
THE LAW OFFICES OF GLEN F LARSON PLLC
5113 SOUTHWEST PKWY
STE 190
AUSTIN TX  78735
512-387-5436
service@glenlarsonlaw.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Cause No. DC-22-04453

Court No.: 14th District Court

Style: MAXINE  MOSLEY
 vs.
WAL-MART STORES TEXAS LLC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed  at  _____, within  the  County  of  _____ at
_____ o'clock _____ .M. on the _____ day of _____, 20_____,
by                    delivering                    to                    the                    within                    named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

              For serving Citation   $_____        _____
              For mileage            $_____        of_____ County, _____
              For Notary             $_____        By_____ Deputy
                       (Must be verified if served outside the State of Texas.)
     Signed and sworn to by the said_____ before me this_____ day of _____,
              20_____, to certify which witness my hand and seal of office.

                                      _____
                                      Notary Public_____ County_____

# TAB NO. 4

D/1043208v1

14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

May 23, 2022

File Copy

DC-22-04453
MAXINE  MOSLEY  vs.  WAL-MART STORES TEXAS LLC

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**June 27, 2022** at **2:00 PM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 JERRY D LEE III
 5113 SOUTHWEST PKWY
 STE 190
 AUSTIN TX 78735

# TAB NO. 5

# FELICIA PITRE
## DISTRICT CLERK
## DALLAS COUNTY
### 600 COMMERCE, 1ST FLOOR
### DALLAS, TEXAS 75202-4606

June 27, 2022

JERRY D LEE, III
THE LAW OFFICES OF GLEN F LARSON PLLC
5113 SOUTHWEST PKWY
STE 190
AUSTIN TX  78735

---

### NOTICE OF ORDER OF DISMISSAL FOR WANT OF PROSECUTION

---

CAUSE NO. DC-22-04453

| | |
|---|---|
| MAXINE  MOSLEY | In the District Court |
| *Plaintiff(s),* | |
| v. | of Dallas County, Texas |
| WAL-MART STORES TEXAS LLC | 14th District Court |
| *Defendant(s)* | |

**TO WHOM IT MAY CONCERN:**

In accordance with the provisions of Rule 165 (a) of the Texas Rules of Civil Procedure, you are hereby notified that an Order for Dismissal for Want of Prosecution has been entered and signed on 6/27/2022 in the above-referenced matter.

Respectfully,
Felicia Pitre, District Clerk

# TAB NO. 6



CAUSE NO. DC-22-04453-A

| | | |
|---|---|---|
| MAXINE  MOSLEY | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | 14TH JUDICIAL DISTRICT |
| WAL-MART STORES | § | |
| TEXAS LLC | § | |
| | § | STATE OF TEXAS |

**ORDER OF DISMISSAL**
**FOR WANT OF PROSECUTION**

This case is dismissed for want of prosecution.  Costs are taxed against plaintiff(s), for which let execution issue.

**IT IS SO ORDERED.**

Signed this: <u>June 27, 2022</u>

ERIC V. MOYÉ
JUDGE, 14TH JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

# TAB NO. 7

FILED
7/1/2022 1:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

Case 3:22-cv-01652-S   Document 1-3   Filed 07/29/22   Page 30 of 60   PageID 41

# RETURN OF SERVICE

**State of Texas**                    **County of Dallas**                    **14th District Court**

Case Number: DC-22-04453

Plaintiff:
**MAXINE MOSLEY**

vs.

Defendant:
**WAL-MART STORES TEXAS, LLC**

Received by Larry Lathan on the 28th day of June, 2022 at 10:56 am to be served on **WAL-MART STORES TEXAS LLC SERVING REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN STREET, STE. 900, DALLAS, TX 75201**.

I, Larry Lathan, do hereby affirm that on the **29th day of June, 2022** at **11:04 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **CITATION /PLAINTIFF MAXINE MOSLEY'S ORIGINAL PETITION WITHREQUESTS FOR DISCLOSURE** with the date and hour of service endorsed thereon by me, to: **KIRK ATKINS, INTAKE SPECIALIST FOR CT CORPORATION SYSTEM** as **Registered Agent** at the address of: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** on behalf of **WAL-MART STORES TEXAS LLC**, and informed said person of the contents therein, in compliance with state statutes.

"My name is  Larry Lathan  my date of birth is 12/27/1976  and my address is Work Address Of 1406 W. Salinas
San Antonio, TX 78114.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Dallas County, State of Texas  on  June 29, 2022 by Larry Lathan  declarant."

**Larry Lathan**
PSC-10621 Exp.10/31/2023

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2022006293

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 65976189
Status as of 7/6/2022 1:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 7/1/2022 1:36:06 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 7/1/2022 1:36:06 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 7/1/2022 1:36:06 PM | SENT |

Associated Case Party: MAXINE  MOSLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY DLEE, III | | service@glenlarsonlaw.com | 7/1/2022 1:36:06 PM | SENT |

# TAB NO. 8

FILED
7/14/2022 4:10 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rosa Delacerda DEPUTY

Case 3:22-cv-01652-S   Document 1-3   Filed 07/29/22   Page 33 of 60   PageID 44

CAUSE NO. DC-22-04453

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| Defendant. | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |

## PLAINTIFF MAXINE MOSLEY'S MOTION TO REINSTATE

**TO THE HONORABLE JUDGE OF SAID COURT:**

### I. INTRODUCTION

1.     Plaintiff Maxine Mosley filed suit on April 27, 2022, against the Defendant, Wal-Mart Stores Texas, LLC for personal injuries and other damages as categorized in Plaintiff Maxine Mosley's Original Petition.   This matter is based on injuries the Plaintiff, Maxine Mosley, sustained on the premises of Walmart Store #1118 located at 12300 Lake June Road, Balch Springs, TX, which occurred on or about April 3, 2021.  The Statute of Limitations for this case has not expired as of the filing of this motion.  Plaintiff's counsel, Jerry D. Lee III, hereby verifies and contends that the issue with regards to the Dismissal for Want of Prosecution and the respective notice of hearing was the result of an accident and/or mistake and that this was not intentional nor the result of any conscious indifference.  Plaintiff's counsel hereby verifies that he has fully investigated the matter and that the reason for non-appearance was not the result of intentional action or inaction nor caused by any type of conscious indifference.   Furthermore, should the court require further information, Jerry D. Lee III, Attorney for the Plaintiff, will testify as needed.

## II. FACTS

2.      The Court dismissed the case on June 27, 2022 for want of prosecution.  Tex. R. Civ. P.

165a; *Rojus v. Licona*, 942 S. W. 2d 111, 112 (Tex. App. Houston [1st District] 1997 n.p.h.)

3.      Plaintiff's counsel has conducted an internal investigation and has determined that the

non-appearance was the result of accident or mistake and not the result of intentional actions or

inactions, or through any conscious indifference.  Plaintiff has served the Defendant [see Exhibit

A].

4       The Statute of Limitations on this matter has yet to expire as of the date of the filing of

this motion.

5.      Plaintiff files this motion while the Court has plenary power, within thirty (30) days of

the dismissal.  The Court, therefore, has jurisdiction to reinstate this case.  Tex. R. Civ. P. 165a

(3).

## III. ARGUMENT AND AUTHORITIES

### A. PLAINTIFF'S MOTION TO REINSTATE SHOULD BE GRANTED

8.      A court should reinstate a case if its dismissal was the result of accident, mistake, or other

reasonable explanation, and if Plaintiff files a Motion to Reinstate within thirty (30) days of its

dismissal.  Tex. R. Civ. P. 165a(3); WMC Mortgage Corp. v. Starkey, 200 S.W.3d 749, 752

(Tex. App.- Dallas 2006, pet. denied).

9.      Plaintiff's counsel conducted an internal investigation of the law firm and has concluded

that the Dismissal for Want of Prosecution was the result of an accident or mistake, and not the

result of conscious indifference. Plaintiff's suit should be reinstated if Plaintiff's counsel's

failure to respond was the result of accident or mistake, and not the result of conscious

indifference and requested withing 30 days of notice of potential dismissal. Tex. R. Civ. P. 165a(3).

## B.  PLAINTIFF'S CASE SHOULD BE REINSTATED BECAUSE THERE IS GOOD CAUSE TO MAINTAIN THIS CASE ON THE DOCKET

10.         As indicated above above, the court should not dismiss a case if there is good cause to maintain the case on the court's docket.  As explained above, should this court not be inclined to grant this Plaintiffs Motion to Reinstate, Plaintiff's counsel respectfully requests that the case not be dismissed with prejudice, as is consistent with Texas case law. See *Chacon v. Jellison*, No. 03-02-00072-CV (Tex. App. Mar. 27, 2003); *In Interest of G.H.D, Nos.* 01-05-00228-CV, 01-05-00438-CV, 01-05-00439-CV (Tex. App. Oct. 20, 2005).  Plaintiff fully intends to refile this case in the event of dismissal, and therefore, dismissal will only mean the refiling of this case, and the further use of court resources in refiling this case.

## C. REQUEST FOR HEARING OR RULING BY SUBMISSION

11.     Plaintiff respectfully requests that this Court set this matter for an oral hearing or otherwise grant Plaintiff's Motion to Reinstate.  Texas Rule of Civil Procedure 165a requires the court to grant Plaintiff an oral hearing on any timely filed motion to reinstate.  Tex. R. Civ. P. 165a(3); *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988)*. R. Civ. P. 165a(3); *Thordson v. City of Houston,* 815 S.W.2d 550, 550 (Tex. 1991).  Should a hearing be necessary Plaintiff's counsel is available for a hearing on this matter on any day that the court may have available in 2022 except for July 21st,  August 17th , September 13th, and September 14th.

## C. PRAYER

For these reasons, Plaintiff asks the Court to set this Motion for hearing, and, after the hearing, grant the Motion and reinstate Plaintiff's case on the docket. Alternatively, Plaintiff respectfully asks for said Motion to be granted by this court on submission of this Motion.  In the last alternative, this case should be dismissed for want of prosecution without prejudice and Plaintiff should be allowed to refile, considering the Statute of Limitations has not expired and does not expire until April 3, of 2023.

Respectfully submitted,

*/s/ Jerry D. Lee III*

**Jerry D. Lee III**
**Texas State Bar No. 24069136**
***The Law Offices of Glen F. Larson, PLLC***
**5113 Southwest Parkway, Suite 190**
**Austin, Texas 78735**
**512-387-5436 (Office)**
**512-727-0999 (Fax)**
**service@glenlarsonlaw.com(service email)**

## RETURN OF SERVICE

**State of Texas**                    **County of Dallas**                    **14th District Court**

Case Number: DC-22-04453

Plaintiff:
**MAXINE MOSLEY**

BBW2022006293-2

vs.

Defendant:
**WAL-MART STORES TEXAS, LLC**

Received by Larry Lathan on the 28th day of June, 2022 at 10:56 am to be served on **WAL-MART STORES TEXAS LLC SERVING REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN STREET, STE. 900, DALLAS, TX 75201**.

I, Larry Lathan, do hereby affirm that on the **29th day of June, 2022** at **11:04 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **CITATION /PLAINTIFF MAXINE MOSLEY'S ORIGINAL PETITION WITHREQUESTS FOR DISCLOSURE** with the date and hour of service endorsed thereon by me, to: **KIRK ATKINS, INTAKE SPECIALIST FOR CT CORPORATION SYSTEM** as **Registered Agent** at the address of: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201** on behalf of **WAL-MART STORES TEXAS LLC**, and informed said person of the contents therein, in compliance with state statutes.

"My name is  Larry Lathan  my date of birth is 12/27/1976  and my address is Work Address Of 1406 W. Salinas
San Antonio, TX 78114.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Dallas County, State of Texas  on  June 29, 2022 by Larry Lathan  declarant."

**Larry Lathan**
PSC-10621 Exp.10/31/2023

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: BBW-2022006293

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 66337569
Status as of 7/15/2022 8:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 7/14/2022 4:10:03 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 7/14/2022 4:10:03 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 7/14/2022 4:10:03 PM | SENT |

Associated Case Party: MAXINE  MOSLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY DLEE, III | | service@glenlarsonlaw.com | 7/14/2022 4:10:03 PM | SENT |

# TAB NO. 9

D/1043208v1

CAUSE NO. DC-22-04453

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| Defendant. | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |

## ORDER GRANTING PLAINTFF MAXINE MOSLEY'S MOTION TO REINSTATE

**BE IT REMEMBERED** that on the _____ day of _____, 2022, the Court, after considering the Unopposed Motion For Continuance, is of the opinion that such Motion be and is hereby **GRANTED**.

      **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the order dismissing this case is set aside and that the case is reinstated on the docket of this Court, to the same effect as if it had never been dismissed on this _____ day of _____, 2022.

 

                        _____

                        **JUDGE PRESIDING**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Glen Larson on behalf of Glen Larson
Bar No. 24037817
gfl@glenlarsonlaw.com
Envelope ID: 66337842
Status as of 7/15/2022 8:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 7/14/2022 4:13:11 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 7/14/2022 4:13:11 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 7/14/2022 4:13:11 PM | SENT |

Associated Case Party: MAXINE  MOSLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY DLEE, III | | service@glenlarsonlaw.com | 7/14/2022 4:13:11 PM | SENT |

# TAB NO. 10

FILED
7/22/2022 3:23 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rosa Delacerda DEPUTY

Case 3:22-cv-01652-S   Document 1-3   Filed 07/29/22   Page 43 of 60   PageID 54

## CAUSE NO. DC-22-04453

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **DEFENDANT.** | § | **DALLAS COUNTY, TEXAS** |

---

### DEFENDANT WAL-MART STORES TEXAS, LLC'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

## I.
## GENERAL DENIAL

1.      Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of

---

recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS

FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.     Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.     Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.    Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.    Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.    Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not

Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

### III.
### NOTICE OF INTENT

17.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that it may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

### IV.
### DEMAND FOR JURY TRIAL

18.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:    */s/ Derek S. Davis*
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **JAMES KURITZKES**
        Texas Bar No. 24120956
        Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of July, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jerry D. Lee III**
State Bar No. 24069136
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
(512) 387-5436 Telephone
(512) 727- 0999 Facsimile
**ATTORNEY FOR PLAINTIFF**

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66594853
Status as of 7/22/2022 3:45 PM CST
Associated Case Party: MAXINE  MOSLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY DLEE, III | | service@glenlarsonlaw.com | 7/22/2022 3:23:27 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66594853
Status as of 7/22/2022 3:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Casey Hand | | cmh@glenlarsonlaw.com | 7/22/2022 3:23:27 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 7/22/2022 3:23:27 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 7/22/2022 3:23:27 PM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66594853
Status as of 7/22/2022 3:45 PM CST

Associated Case Party: WAL-MART STORES TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 7/22/2022 3:23:27 PM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 7/22/2022 3:23:27 PM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 7/22/2022 3:23:27 PM | SENT |
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 7/22/2022 3:23:27 PM | SENT |

# TAB NO. 11

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-22-04453

MAXINE  MOSLEY

vs.

WAL-MART STORES TEXAS LLC

14th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: Defendant

FEE PAID: $10.00

# TAB NO. 12

FILED
7/22/2022 4:25 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Rosa Delacerda DEPUTY

Case 3:22-cv-01652-S   Document 1-3   Filed 07/29/22   Page 55 of 60   PageID 66

CAUSE NO. DC-22-04453

| | | |
|---|---|---|
| **MAXINE MOSLEY** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **14th JUDICIAL DISTRICT** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| **DEFENDANT.** | § | **DALLAS COUNTY, TEXAS** |

---

**DEFENDANT WAL-MART STORES TEXAS, LLC'S**
**SPECIAL EXCEPTION TO PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Special Exception to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

## I.
## SPECIAL EXCEPTION

1.     Texas follows a fair-notice pleading standard, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant at trial. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000). A pleading's purpose is to give notice of a party's claims and the relief sought so that the adverse party may properly prepare its defense. *See Roark v. Allen,* 633 S.W.2d 804, 810 (Tex. 1982); *Tennell v. Esteve Cotton Co.,* 546 S.W.2d 346, 356 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.).

2.     A special exception is appropriate if "the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). The court may order parties to replead in order to make their pleadings

---

substantially conform to the Rules.  *See* TEX. R. CIV. P. 68.  In some instances, a pleading is defective because it does not contain enough information.  *See, e.g., Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.–Corpus Christi 2002, pet. denied).  For example, if a plaintiff fails to plead all of the elements of its cause of action, the defendant may file a special exception to require the plaintiff to plead more specifically.  *See* TEX. R. CIV. P. 91; *Mowbray*, 76 S.W.3d at 677.  Pleadings can also be defective if they are vague, indefinite, or uncertain.  *Caldwell v. River Oaks Tr. Co.,* 01-94-00273-CV, 1996 WL 227520, at *24 (Tex. App.—Houston [1st Dist.] May 2, 1996, writ denied).

3.      Here, the pleadings fail to state the maximum damages sought by Plaintiff in this action. Accordingly, the Petition is procedurally deficient because it fails to abide by Tex. R. Civ. P. 47(c) (requiring every non-family law petition to state the maximum relief saught).

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that, upon final hearing, its special exceptions be sustained, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*
       **DEREK S. DAVIS**
       Texas Bar No. 00793591
       Email:  Derek.Davis@CooperScully.com
       **JAMES KURITZKES**
       Texas Bar No. 24120956
       Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Jerry D. Lee III**
State Bar No. 24069136
The Law Offices of Glen F. Larson, PLLC
5113 Southwest Pkwy, Suite 190
Austin, Texas 78735
(512) 387-5436 Telephone
(512) 727- 0999 Facsimile
**ATTORNEY FOR PLAINTIFF**

        */s/ Derek S. Davis*
        **DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66600123
Status as of 7/25/2022 8:26 AM CST
Associated Case Party: MAXINE  MOSLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JERRY DLEE, III | | service@glenlarsonlaw.com | 7/22/2022 4:25:52 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66600123
Status as of 7/25/2022 8:26 AM CST

Associated Case Party: WAL-MART STORES TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kim Denton | | kim.denton@cooperscully.com | 7/22/2022 4:25:52 PM | SENT |
| Derek Davis | | derek.davis@cooperscully.com | 7/22/2022 4:25:52 PM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 7/22/2022 4:25:52 PM | SENT |
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 7/22/2022 4:25:52 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 66600123
Status as of 7/25/2022 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Casey Hand | | cmh@glenlarsonlaw.com | 7/22/2022 4:25:52 PM | SENT |
| Glen Larson Law - Service E-mail | | service@glenlarsonlaw.com | 7/22/2022 4:25:52 PM | SENT |
| Jerry Lee | | jerry@glenlarsonlaw.com | 7/22/2022 4:25:52 PM | SENT |